IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Markeeta Hatchell and Judith Holland )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SVC – West, LLC, )<br>)<br>Defendant. )<br>______________________________) | CASE NO. ____________________<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

COME NOW THE PLAINTIFFS, complaining of the above-named DEFENDANT, and would respectfully show unto the COURT as follows:

PARTIES AND JURISDICTION

1. Plaintiffs Markeeta Hatchell and Judith Holland (hereinafter "Plaintiffs") are citizens and residents of the state of South Carolina.

2. Defendant SVC – West, LLC is a California limited liability company that does business in Horry County, South Carolina, upon information and belief.

3. The events described herein occurred in Horry County, South Carolina.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

FACTUAL ALLEGATIONS

5. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

6. On or about April 22, 2026, Plaintiffs were solicited by Defendant's agents to attend a timeshare sales presentation in Myrtle Beach, Horry County, South Carolina.

7. On April 22, 2026, Plaintiffs attended a timeshare property sales presentation held by Defendant and its agents in Myrtle Beach, Horry County, South Carolina.

8. Such timeshare sales presentation was governed by and violated S.C. Code § 27-32-10, et seq. (hereinafter the "Timeshare Act").

9. Plaintiffs purchased a timeshare interest consisting of 154,000 home club points and membership in Defendant's Shell Owners Club (hereinafter, "Contract"), for a total sale price of $ 25,649.00.

10. Following Plaintiffs' timeshare purchase, Defendant's agents misrepresented to Plaintiffs their rights to rescind the Contract within five days and thwarted Plaintiffs from rescinding the Contract.

11. Such representations violated Plaintiffs' rescission rights as required by S.C. Code § 27-32-10, et seq.

12. Misrepresentations made to timeshare purchasers in South Carolina violate S.C. Code § 27-32-110(11) (it is a violation for a seller of a timeshare interest in South Carolina to do any act of fraud, misrepresentation, or failure to make a disclosure of a material fact).

13. The South Carolina Supreme Court has previously issued its opinion confirming a timeshare purchaser's right to bring a civil action against a timeshare seller for claims of violations of the Timeshare Act, including for claims such as Plaintiffs assert here. See Fullbright v. Spinnaker Resorts, 420 S.C. 265, 802 S.E.2d 794 (2017).

14. Defendant's agents also misrepresented the number of points that Plaintiffs were purchasing, advising them that they were purchasing 400,000 points instead of the actual 154,000 points.

15. Following such misrepresentations and in reliance upon same, on April 22, 2026, Plaintiffs entered into the Contract with Defendant for the purchase of a timeshare interest.

16. Upon information and belief, Defendant and its agents intentionally misrepresented the material terms of the purchase contract to Plaintiffs.

17. The foregoing violations of the Timeshare Act entitle Plaintiffs to void the subject Contract and receive a full refund of all consideration paid under the Contracts. See S.C. Code § 27-32-120(C) ("In addition to the penalties provided in this section, a contract for the sale of an interest in a vacation time sharing plan in violation of this chapter is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid by him pursuant to the contract.").

18. As a result of the foregoing, Plaintiffs have suffered and continue to suffer damages and losses specifically including, but not limited to, the amount paid to the Defendant and attorneys' fees, costs, and expenses.

19. Plaintiffs are informed and believe that they are entitled to actual, incidental, consequential, treble, and punitive damages in an amount to be determined by the Court, as well as pre-judgment interest, attorney's fees, costs, and expenses, as permitted.

20. On August 25, 2026, pursuant to the Contract, Plaintiffs filed an arbitration demand before the American Arbitration Association ("AAA").

21. On September 22, 2026, the AAA sent a letter to the parties advising that Plaintiffs had filed a demand for arbitration, such being assigned case no. 01-26-0005-0785, and that

> Under the Consumer Rules, the consumer pays a filing fee of $225 and the business pays a filing fee of $375. We received the consumer's $225 portion of the filing fee. To ensure that the filing requirements are complete, **the business is requested to submit filing fees of $375**.
>
> **Please note payment should be submitted by credit card or electronic check. Please confirm the email address AAA may send a secured Paylink with instructions to submit payment via either method**. In the event, a check is the only method that you can

> provide payment, please make the check payable to the American Arbitration Association and include a reference to the case number. Checks should be mailed to 120 Broadway, Floor 21 - Intake, New York, NY 10271. In the event that payment is being made by a third party, such as an insurance company, please request that payment be sent directly to the business' representative. The business' representative should then forward payment to the AAA in accordance with the foregoing instructions.
>
> **The requested payment should be received no later than 30 days from the date of this letter or the AAA may decline to administer this dispute if the business does not timely respond.** According to R-10(b) of the Consumer Arbitration Rules, if the AAA declines administration of a case, either party may choose to submit its dispute to the appropriate court for resolution.

22. On October 30, 2026, the AAA sent a letter to the parties declining to administer the Plaintiffs' arbitration against Defendant, stating that

> As of this date, the American Arbitration Association (AAA) has not received the requested fees from the business. The AAA is declining to administer this case and has closed our file. According to R-10(b) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

23. On November 2, 2026, Defendant's counsel advised that the filing fee requested by AAA was paid by wire transfer, which was not a method of payment permitted by AAA as set forth above.

24. On November 3, 2026, Defendant's counsel advised that the filing fee requested by AAA was paid by a check that was incorrectly addressed and without a reference to the arbitration case number, and therefore not a method of payment permitted by AAA as set forth above.

25. As set forth in AAA's October 30, 2026, letter, "According to R-10(b) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution."

**FOR A FIRST CAUSE OF ACTION**
(Violations of the Timeshare Act)

26. Plaintiffs repeat and reiterate the foregoing paragraphs as though fully restated herein.

27. Defendant is a seller of a vacation time sharing plan or is in the business of selling interests in a vacation time sharing plan within the definition set forth in the Timeshare Act.

28. The timeshare interest purchased by Plaintiffs, as set forth above, was part of a vacation timesharing plan as defined in the Timeshare Act.

29. As set forth above, Defendant, by and through its agents, made certain representations to Plaintiffs within the state of South Carolina concerning the subject timeshare interest.

30. Such representations made by Defendant, by and through its agents, constitute prohibited practices as set forth in the Timeshare Act, including but not limited to:

a. Make misleading or deceptive representations with respect to the contents of the contract or the purchaser's rights, privileges, or benefits under it (S.C. Code § 27-32-110(7));

b. Misrepresent the conditions under which a purchaser may exchange his rights to an accommodation in one location for rights to an accommodation in another location (S.C. Code § 27-32-110(9)); and

c. Do any other act of fraud, misrepresentation, or failure to make a disclosure of a material fact (S.C. Code § 27-32-110(11)).

31. Further, Plaintiffs' Contract, at Page 9, Section 21(E), purports to waive Defendant's liability to Plaintiffs under the Timeshare Act for misrepresentations: "**No party is liable** or can be bound to the other Party **in any manner by any representations**, warranties, covenants, or agreements except as set forth in the Binding Documents." (**Emphasis** added).

32. The foregoing language is in contradiction of S.C. Code § 27-32-110 (11) ("It is a violation of this chapter for a seller of vacation time sharing plans to… (11) do any other act of fraud, misrepresentation, or failure to make a disclosure of a material fact) and therefore in violation of S.C. Code § 27-32-110 (10) ("It is a violation of this chapter for a seller of vacation time sharing plans to… include in a contract a provision purporting to waive a right or benefit provided for purchasers pursuant to this chapter").

33. Plaintiffs' Contract, at Page 9, Section 20, purports to waive Plaintiffs' right to a full refund of all consideration paid pursuant to the contract as provided for in S.C. Code § 27-32-120(C) for a contract in violation of the Timeshare Act by purporting to reduce such recovery by the proportion of any benefits received under the contract, in contravention to S.C. Code § 27-32-120(C), which does not so provide for any reduction.

34. Defendant utilized statutorily non-conforming transactional documents, including the Contract, in violation of the Timeshare Act, including the foregoing as well as in the use of statutorily non-conforming language relating to Plaintiffs' rescission rights under the Timeshare Act. See S.C. Code § 27-32-40 (5)(a), S.C. Code § 27-32-110(10), and S.C. Code § 27-32-325(5).

35. Plaintiffs are informed and believe that they are entitled to judgment against Defendant for violation of the Timeshare Act, in an amount to be determined by the Court, as well as the cancellation of the subject contracts.

**FOR A SECOND CAUSE OF ACTION**

(Violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10, et seq.)

36. Plaintiffs repeat and reiterate the foregoing paragraphs as though fully restated herein.

37. Defendant is a seller of a vacation time sharing plan or is in the business of selling interests in a vacation time sharing plan to the public within the definition set forth in the Timeshare Act.

38. The timeshare interest purchased by Plaintiffs, as set forth above, was part of a vacation timesharing plan as defined in the Timeshare Act.

39. Defendant applied for registration of its subject timeshare plan, Shell Owners Club – West (TSP.1175) with the South Carolina Real Estate Commission.

40. Defendant's subject timeshare plan, Shell Owners Club – West (TSP.1175), consisted of 236,913,121 home club points.

41. Plaintiffs purchased 154,000 home club points from Defendant, leaving Defendant's timeshare plan with 236,559,121 remaining home club points, which is sufficient points to sell 1,536 contracts equivalent to Plaintiffs' Contract to other customers.

42. As set forth above, Defendant's agents made certain representations to Plaintiffs during the subject timeshare transaction which were false, misleading, and/or fraudulent.

43. The committing of such false, misleading, and/or fraudulent representations by Defendant constituted an act or practice that is unfair or deceptive and impacts the public within the meaning of S.C. Code § 39-5-10, et seq. (the "South Carolina Unfair Trade Practices Act").

44. The committing of such false, misleading, and/or fraudulent representations by Defendant during its recurring timeshare sales presentations is capable of repetition and has been repeated, including as alleged by Defendant's other customers such as R.S.B. and R.E.B. in 2025-CP-26-04116, T.H. and M.H. in 2026-CP-26-00206 (4:26-cv-00762-SAC), and A.B., K.G., G.B.,

E.B., and A.C. in 4:26-cv-01374-JD.

45. As set forth above, Defendant utilized statutorily non-conforming and false transactional documents in Plaintiffs' transaction, including Plaintiffs' Contract.

46. The use of statutorily non-conforming transactional documents in timeshare purchase transactions is capable of repetition and of being repeated by Defendant to the public, and actually has been repeated, including as alleged in 2025-CP-26-04116, 2026-CP-26-00206 (4:26-cv-00762-SAC), and 4:26-cv-01374-JD, such contracts being consistently statutorily non-conforming due to Defendant's use of standardized, template contracts and related transactional documents submitted to the South Carolina Real Estate Commission as part of Defendant's timeshare plan registration application required by the Timeshare Act, S.C. Code § 27-32-20.

47. As a result of same, Plaintiffs have suffered losses, including the above-described amounts paid and moneys to be paid in the future.

48. Plaintiffs are entitled to judgment against Defendant for violation of the South Carolina Unfair Trade Practices Act in an amount to be determined at trial, such amount to be trebled in accordance with the South Carolina Unfair Trade Practices Act, as well as the costs, expenses, and attorneys' fees of this action.

WHEREFORE, having fully pled, Plaintiffs request the following:

1. Determining that Defendant has violated the Timeshare Act;
2. Determining that Defendant has violated the South Carolina Unfair Trade Practices Act;
3. Awarding Plaintiffs actual damages in an amount to be determined by the Court;
4. Awarding Plaintiffs special damages in an amount to be determined by the Court;
5. Awarding Plaintiffs treble damages in an amount to be determined by the Court;

6. Awarding Plaintiffs pre-judgment interest;

7. Awarding Plaintiffs costs, expenses, and attorney's fees; and

8. Such other and further relief as the Court deems just and proper.

LIBERTY OAK LAW FIRM, LLC

/s/ Joseph DuBois
Joseph DuBois
71 Lighthouse Road, Suite 230
Hilton Head Island, SC 29992
SC Bar No. 71192
(843) 671-5550
joe@libertyoaklaw.com
*Attorney for Plaintiffs*

November 23, 2026
Hilton Head Island, SC 29928